IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS A. T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-273-DWD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant's Unopposed Motion for Relief from Judgment (Doc. 35) under Federal Rule of Civil Procedure 60(b)(6). On September 30, 2022, the Court affirmed the final agency decision of Defendant, which denied Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. (Doc. 25). That same day, the Court entered judgment for Defendant and against Plaintiff. (Doc. 26). Thereafter, on November 28, 2022, Plaintiff filed a timely Notice of Appeal to the Seventh Circuit. (Doc. 27). That appeal remains pending in the Seventh Circuit.

Now, the Unopposed Motion under Rule 60(b)(6) informs the Court that Defendant, after considering Plaintiff's arguments on appeal and attending a court-ordered mediation, has reconsidered her appellate strategy. In short, Defendant and Plaintiff are in agreement that it is appropriate to vacate the Court's September 30, 2022,

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

judgment, and remand the matter for further proceedings under 42 U.S.C. § 405(g).

However, in light of the pending appeal in the Seventh Circuit, the Court is without jurisdiction to grant the relief sought by the Unopposed Motion. The Court may consider the Unopposed Motion, though, and state whether it is inclined to grant relief. *See Brown v. U.S.*, 976 F.2d 1104, 1110-11 (7th Cir. 1992) ("Parties may file motions under Rule 60(b) in the district court while an appeal is pending[] [and] [i]n such circumstances we have directed district courts to review such motions promptly, and either deny them or, if the court is inclined to grant relief, to so indicate so that we may order a speedy remand."); *accord Salas v. Raemisch*, 238 F.R.D. 235, 237 (W.D. Wisc. 2006); *Williams v. Conduent Human Servs., LLC*, No. 19-cv-1061, 2022 WL 721914, *2 (N.D. Ind. Feb. 9, 2022).

Further, Federal Rule of Civil Procedure 62.1(a)(3) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may…state…it would grant the motion if the court of appeals remands for that purpose." If a court indicates it would grant such a motion, then "[t]he movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b). Then, if the court of appeals remands for that purpose, the district court may decide the motion. Fed. R. Civ. P. 62.1(c).

Accordingly, under these authorities, the Court **INDICATES** it is inclined to grant the Unopposed Motion for relief from the September 30, 2022, judgment, should the Seventh Circuit remand the matter to the Court for that purpose.

**SO ORDERED.**
Dated: May 1, 2023.

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

2