IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS A. T.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-273-DWD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant's Unopposed Motion for Relief from Judgment (Doc. 35) under Federal Rule of Civil Procedure 60(b)(6). On September 30, 2022, the Court affirmed the final agency decision of Defendant, which denied Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. (Doc. 25). That same day, the Court entered judgment for Defendant and against Plaintiff. (Doc. 26). Thereafter, on November 28, 2022, Plaintiff filed a timely Notice of Appeal to the Seventh Circuit. (Doc. 27).

Now, the Unopposed Motion under Rule 60(b)(6) informs the Court that Defendant, after considering Plaintiff's arguments on appeal and attending a court-ordered mediation, has reconsidered her appellate strategy. In short, Defendant and Plaintiff are in agreement that it is appropriate to vacate the Court's September 30, 2022,

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

judgment, and remand the matter for further proceedings under 42 U.S.C. § 405(g).

As a result, on May 1, 2023, the Court indicated it was inclined to grant the Unopposed Motion if the Seventh Circuit remanded the matter for that purpose. *See Brown v. U.S.*, 976 F.2d 1104, 1110-11 (7th Cir. 1992); *accord Salas v. Raemisch*, 238 F.R.D. 235, 237 (W.D. Wisc. 2006); *Williams v. Conduent Human Servs., LLC*, No. 19-cv-1061, 2022 WL 721914, *2 (N.D. Ind. Feb. 9, 2022); *see also* Fed. R. Civ. P. 62.1. Three days later, on May 4, 2023, the Court received the Seventh Circuit's Notice of Issuance of Mandate (Doc. 38) and Order (Doc. 38-1), the latter of which stated as follows:

> IT IS ORDERED that the motion [to remand pursuant to Federal Rule of Appellate Procedure 12.1] is GRANTED. In light of the district court's statement that it is inclined to modify its judgment, this case is REMANDED to the district court pursuant to Federal Rule of Appellate Procedure 12.1. This order terminates the appeal and the mandate shall issue forthwith. Any party dissatisfied with the judgment as modified must file a fresh notice of appeal.

Accordingly, the Court now has jurisdiction to rule on the Unopposed Motion. Under Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…any…reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this "catchall" provision is available when the other provisions of Rule 60(b) are inapplicable and extraordinary circumstances exist. *See Kemp v. U.S.*, 142 S. Ct. 1856, 1861 (2022) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988)); *Braun v. Village of Palatine*, 56 F.4th 542, 554 (7th Cir. 2022) (quoting *Buck v. Davis*, 137 S. Ct. 759, 777 (2017)). Rule 60(b)(6) is "open-ended" and "flexible," such that the Court has "wide discretion" when entering a ruling. *See Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018) (quoting *Buck*, 137 S. Ct. at 777). In its

assessment of the circumstances, the Court considers "many factors," including the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process. *See Braun*, 56 F.4th at 554 (quoting *Buck*, 137 S. Ct. at 778).

Here, after considering Plaintiff's arguments on appeal and attending a court-ordered mediation, Defendant reconsidered her appellate strategy. The parties now agree it is appropriate to vacate the Court's September 30, 2022, judgment, and remand the matter for further proceedings under 42 U.S.C. § 405(g). Therefore, under Rule 60(b)(6) and the above-cited case law, the Court **FINDS** the circumstances warrant the relief requested by the Unopposed Motion. *See* Fed. R. Civ. P. 60(b)(6); *Kemp*, 142 S. Ct. at 1861; *Braun*, 56 F.4th at 554; *Pearson*, 893 F.3d at 984; *see also Manjarrez v. Berryhill*, No. 17-cv-300, 2019 WL 2710271, *1 (N.D. Ind. April 9, 2019) (Northern District of Indiana, in case presenting the same procedural posture, granting Defendant's unopposed motion for relief under Rule 60(b)(6), vacating the order and judgment affirming the decision of Defendant, reversing the decision of Defendant, and remanding the case to the Social Security Administration for further proceedings under sentence four of 42 U.S.C. § 405(g)). Accordingly, the Court **GRANTS** the Unopposed Motion (Doc. 35), **VACATES** the order and judgment affirming the final agency decision of Defendant (Docs. 25 & 26), **REVERSES** Defendant's decision, and **REMANDS** the case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Dated: May 8, 2023.

s/ *David W. Dugan*
———————————————
DAVID W. DUGAN
United States District Judge