IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-273-DWD |
| | ) |
| MARTIN O'MALLEY | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff, who was awarded past-due Social Security disability benefits, moves the Court to approve counsel's request for attorney fees under 42 U.S.C. § 406(b). (Doc. 49). For the following reasons, the Court grants Plaintiff's Motion and awards Plaintiff's attorney, Matthew Richter of Keller and Keller LLP, $20,718.00 (25% of Plaintiff's past-due benefits).

### BACKGROUND

On March 11, 2021, Plaintiff Marcus Talton sought judicial review of the Acting Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (Doc. 1). Plaintiff and counsel entered a contingency contract providing that counsel would receive attorney fees of 25 percent of all past-due benefits awarded to Plaintiff by the Administration. (Doc. 49-1).

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

On September 30, 2022, following briefing by the parties, the Court entered judgment for the Acting Commissioner. (Doc. 26). On November 28, 2022, Mr. Talton filed a timely notice of appeal (7th Cir. No. 22-3144). (Doc. 27). After considering arguments raised by Mr. Talton on appeal, and attending court-ordered mediation, the Acting Commissioner determined that this matter should be remanded back to the Administrative Law Judge. (Doc. 35). As such, the Acting Commissioner requested that this matter should be remanded to the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Accordingly, this matter was remanded to the Administrative Law Judge and an amended judgment was entered. (Docs. 37, 40, 42).

On August 17, 2023, Plaintiff's Counsel received an order he be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $4,719.63. (Do c. 45). After the claim was reconsidered by the agency, Plaintiff's claim for benefits was approved and a fully favorable decision was issued on February 2, 2024. (Doc. 49-2). Plaintiff was awarded total past-due benefits totaling $82,872.001.

## LEGAL STANDARD

The Seventh Circuit Court of Appeals recently summarized the key statutory provisions that govern the award of fees to those who successfully represent Social Security claimants in administrative and court proceedings. *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020).

First, 42 U.S.C. § 406(a) authorizes the SSA to award a reasonable fee to attorneys who successfully represent claimants in administrative proceedings before the Commissioner. *Id.*

Second, 42 U.S.C. § 406(b)(1) allows a federal district court to award a reasonable fee to an attorney who successfully represents a claimant in federal court, not to exceed 25 percent of the total past-due benefits to which the claimant is entitled. *Id.* While the language of § 406(b)(1) only refers to benefits to which a claimant is entitled, the Supreme Court has explained that counsel may include 25 percent of the claimant's dependent's past-due benefits in his requested fee. *Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968); *Linda G. v. Saul*, 487 F. Supp. 3d 743, 745 (N.D. Ill. 2020).

The 25 percent cap mandated in § 406(b)(1) applies only to representation provided before the federal district court and does not include any fees awarded by the SSA under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Thus, an attorney may ultimately be awarded more than 25 percent of the past-due benefits when the awards under §§ 406(a) and (b)(1) are combined. *Id.*; *O'Donnell*, 983 F.3d at 952.

Finally, the EAJA provides that "a court may award reasonable fees and expenses of attorneys" to parties who prevail "in any civil action brought by or against the United States or any agency" thereof. 28 U.S.C. § 2412(b). Congress amended the EAJA in 1985 to clarify that if a claimant's attorney receives fees for the same work in federal court

under both § 406(b)(1) and the EAJA, the attorney must refund to the claimant the amount of the smaller fee.[2] *Id.*

Ultimately, the attorney bears the burden of proving the fees requested are reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002). Where the parties have a contingent fee agreement, § 406(b) controls, but does not displace the agreement as the primary means by which fees are set for successfully representing the claimant in federal court. *Id.* at 807. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. *Id.* A reduction may be appropriate where an attorney provided substandard representation, where the attorney is responsible for a delay and would profit from the accumulation of benefits during the pendency of the court case, or where the amount requested would be a windfall to the attorney in light of the time and effort expended. *Id.* at 808.

## DISCUSSION

Having reviewed the circumstances presented here, including the time and effort expended by counsel,[3] the result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that **$20,718.00** is a reasonable fee.

---

[2] This is because 42 U.S.C. § 406(b)(2) makes it a misdemeanor for an attorney to charge, demand, receive, or collect a fee for court representation in excess of the 25 percent of past-due benefits permitted under § 406(b)(1). *Id.* This led to attorneys fearing they were committing a misdemeanor under § 406(b)(2) by collecting EAJA fees and court fees under § 406(b)(1). *Id.*

[3] Counsel indicates that he and other attorneys at his firm spent 22.0 hours of attorney time on this civil litigation. As a result, the requested fee equates to approximately $941.73 per hour. (Doc. 49, 49-4).

4

Wherefore, Plaintiff's Motion for Attorney Fees under 406(b) of the Act (Doc. 49) is **GRANTED**. The Court awards Plaintiff's counsel, Matthew Richter, a fee of **$20,718.00** (twenty thousand, seven hundred eighteen dollars and zero cents).

Counsel shall refund to Plaintiff the amount previously awarded under the EAJA, **$4,719.63.**.

**SO ORDERED.**

Dated: October 24, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
